Aaron J. Lockwood (025599)
**GREENBERG TRAURIG, LLP**
2375 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone: (602) 445-8000
Facsimile: (602) 445-8100
lockwooda@gtlaw.com

*Attorneys for Defendant Medtronic, Inc., Medtronic USA Inc., Covidien Holding, Inc. and Covidien Sales LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Sallee, on his own behalf and on behalf of statutory beneficiary Katherine Sallee,<br><br>Plaintiff,<br><br>v.<br><br>Medtronic, Inc., a foreign corporation; Medtronic USA, Inc., a foreign corporation; Covidien, Inc., a foreign corporation; Covidien Holding, Inc., a foreign corporation; and Covidien Sales, LLC, a foreign limited liability company,<br><br>Defendants. | No.<br><br>(Formerly in the Arizona Superior Court for Pima County, No. C20220934)<br><br>**DEFENDANTS MEDTRONIC, INC., MEDTRONIC USA, INC., COVIDIEN HOLDING, INC., AND COVIDIEN SALES LLC'S NOTICE OF REMOVAL**<br><br>(Jury Trial Demanded) |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Medtronic, Inc., Medtronic USA Inc., Covidien Holding, Inc.,[1] and Covidien Sales LLC (collectively, "the Medtronic Defendants"), hereby give notice of removal of this action, captioned *David Sallee, on his behalf and on behalf of statutory beneficiary Katherine Sallee v. Medtronic, Inc. et al.*, case number C20220934, from the Superior Court of the State of Arizona, Pima County (the "State Court Action"), to the United States District Court for the District of

---

[1] Covidien, Inc. is improperly named as a defendant in this case. Covidien, Inc. changed its name to Covidien Holding, Inc. on August 29, 2012. "Covidien, Inc." is not a legally recognized entity.

*65405543*

Arizona, Tucson Division. This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and the Medtronic Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

### REMOVAL STANDARD

1. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

3. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

4. The citizenship of a limited liability company is determined by the citizenship of its members for the purpose of 28 U.S.C. § 1332. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).

### PAPERS FROM THE REMOVED ACTION

5. Pursuant to LRCiv 3.1(a) and 3.6(a) and (b), a Civil Cover Sheet, Supplemental Civil Cover Sheet, and a copy of the most recent state court docket are attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively.

6. In accordance with 28 U.S.C. § 1446(a) and LRCiv 3.6(b), the Medtronic Defendants attach to this Notice of Removal a copy of all process, pleadings, and other papers or exhibits of every kind, including depositions, on file in the State Court Action as separate exhibits as follows:

- Complaint, **Exhibit D**;
- Civil Cover Sheet, **Exhibit E**;
- Filing Fee Receipt, **Exhibit F**;

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

- FASTAR Certificate, **Exhibit G**;
- Summons to Covidien Sales, LLC, **Exhibit H**;
- Summons to Covidien Holding, Inc.; **Exhibit I**;
- Summons to Covidien, Inc.; **Exhibit J**;
- Summons to Medtronic USA, Inc., **Exhibit K**;
- Summons to Medtronic, Inc., **Exhibit L**;
- Motion to Consolidate, **Exhibit M**;
- Affidavit of Service for Covidien Sales, LLC, **Exhibit N**;
- Affidavit of Service for Medtronic USA, Inc., **Exhibit O**;
- Affidavit of Service for Covidien Holding, Inc., **Exhibit P**;
- Affidavit of Service for Medtronic, Inc., **Exhibit Q**;
- Affidavit of Service for Covidien, Inc., **Exhibit R**;
- Notice Regarding Impending Dismissal, **Exhibit S**;
- Notice Regarding Inadvertent Impending Dismissal, **Exhibit T**; and
- Affidavit of Service for Covidien Holding, Inc., **Exhibit U**.

7. Pursuant to LRCiv 3.6(b), the Medtronic Defendants' undersigned counsel verifies that true and complete copies of all pleadings and other documents filed in the State Court Action have been filed with this Notice of Removal. *See* Declaration of Aaron J. Lockwood, attached hereto as **Exhibit V**.

### THE REMOVED CASE

8. On or about March 10, 2022, Plaintiff David Sallee, for himself and on behalf of statutory beneficiary Katherine Sallee ("Plaintiff"), filed a Complaint against the Medtronic Defendants in the State Court Action. (*See generally* Compl.) The Complaint alleges that decedent Judith Sallee sustained an injury to her left pulmonary artery during a robotic-assisted resection of the upper lobe of her left lung that resulted in her death. (Compl. ¶¶ 6-7.) The surgeon who performed the resection allegedly utilized a ReliaCatch retrieval bag (a product manufactured by the Medtronic Defendants) to secure the resected organ. (*Id*.)

65405543

9. In two different actions, Plaintiff sued the Arizona Board of Regents (Case No. C20211049) and the surgeon who performed the surgery at issue for malpractice (Case No. C20220957). Plaintiff subsequently brought this product liability action (Case No. C20220934) separately against the Medtronic Defendants after the physician allegedly "stated … that a sharp edge or other dangerous condition on the ReliaCatch bag" caused the decedent's injuries. (*Id.* ¶ 9.)

10. Plaintiff has now consolidated those three lawsuits, but such consolidation should not affect this Court's analysis of complete diversity of citizenship between Plaintiff and the Medtronic Defendants in this Case, No. C20220934, as discussed in further detail below.

## GROUNDS FOR REMOVAL

11. Pursuant to 28 U.S.C. § 1441, the Medtronic Defendants remove this action to the United States District Court for the District of Arizona, Tucson Division, which is the District Court of the United States for the district and division where the State Court Action is pending. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Plaintiff and the Medtronic Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, as discussed below, removal is timely, and all other requirements for a removal based on diversity jurisdiction are met. Finally, the state court order consolidating this case with the cases against the state physician and state entities does not destroy complete diversity of citizenship because each case retains its separate identity for purpose of determining diversity jurisdiction.

**I.   Complete diversity of citizenship exists between the real parties in interest.**

12. Plaintiff brings this lawsuit as a statutory plaintiff on behalf of statutory wrongful death beneficiaries. (Compl. ¶ 1; Case Caption.) For purposes of diversity jurisdiction, where a personal representative brings a lawsuit for himself and other statutory beneficiaries (and not as a representative of the estate), the citizenship of the personal

4

65405543

representative is the one that matters for purposes of section 1332(c)(2). *Melendez-Ortiz v. Corporacion del Centro Cardiovascular de Puerto Rico y del Caribe*, Civ. No. 05-1781 (D.P.R. Aug. 16, 2006); *Steinlage ex rel Smith v. Mayo Clinic Rochester*, 435 F.3d 913, 919 (8th Cir. 2006). Plaintiff alleges the personal representative is a resident of Pima County, Arizona; and, therefore, a citizen of Arizona. (Compl. ¶ 1.) Accordingly, for purposes of removal, Plaintiff is a citizen of Arizona.

13. Defendant Medtronic, Inc. is and was at the time Plaintiff commenced this action a Minnesota corporation with its principal place of business in Minnesota. Accordingly, for purposes of diversity jurisdiction, it is a citizen of the state of Minnesota.

14. Defendant Covidien Holding, Inc. is and was at the time Plaintiff commenced this action, a Delaware corporation with its principal place of business in Massachusetts. Accordingly, for purposes of diversity jurisdiction, it is a citizen of the states of Delaware and Massachusetts.

15. Defendant Covidien Sales, LLC, is a Delaware limited liability company. The citizenship of a Limited Liability Company is determined by the citizenship of its members for the purpose of 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).

16. The sole member of Covidien Sales LLC's is Covidien LP, a Delaware limited partnership with its principal place of business in Massachusetts. For purposes of diversity jurisdiction, a limited partnership is a citizen of all of the states of which its partners are citizens." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc*., 414 Fed. Appx. 62, 64 (9th Cir. 2011). Covidien LP's members and their respective citizenship are as follows:

    a. The only general partner of Covidien LP is Covidien Holding, Inc., which is a Delaware corporation with its principal place of business in Massachusetts.

    b. Covidien LP's limited partners and their respective citizenships are set forth below:

65405543

    i. Sherwood Medical Company is a Delaware corporation with its principal place of business in Massachusetts.

    ii. United States Surgical Corporation is a Delaware corporation with its principal place of business in Massachusetts.

    iii. Valleylab Holding Corporation is a Delaware corporation with its principal place of business in Colorado.

    iv. VNUS Medical Technologies II, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

    v. Life Design Systems Inc. is a Wisconsin corporation with its principal place of business in Massachusetts.

    vi. Covidien US Holdings, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

    vii. Newport Medical Instruments, Inc. is a Delaware corporation with its principal place of business in Minnesota.

    viii. Batts, Inc. is a Delaware corporation with its principal place of business in Massachusetts.

    ix. Lazarus Effect, Inc. is a Delaware corporation with its principal place of business in Minnesota.

    x. MSCH LLC is a Delaware limited liability company with its principal place of business in Massachusetts:

        1. MSCH LLC's only member is Mallinckrodt US LLC, which is a Delaware limited liability company with its principal place of business in Massachusetts.

        2. Mallinckrodt US LLC's only member is United States Surgical Corporation, which is a Delaware corporation with its principal place of business in Massachusetts.

    xi. Nellcor Puritan Bennett LLC is a Delaware limited liability company with its principal place of business in Colorado.

6

65405543

1. Nellcor Puritan Bennett LLC's only member is United States Surgical Corporation, which is a Delaware corporation with its principal place of business in Massachusetts.

17. Accordingly, Defendant Covidien Sales, LLC is not a citizen of Arizona.

18. Therefore, because Plaintiff is a citizen of Arizona and the Medtronic Defendants are citizens of states other than Arizona, complete diversity of citizenship exists between the real parties in interest. *See* 28 U.S.C. § 1332.

**II.  Consolidation of this case with two other cases involving state defendants does not destroy complete diversity of citizenship.**

19. On May 2, 2022, the state court ordered consolidation of this case—Case No. C20220934—pursuant to Arizona Rule of Civil Procedure Rule 42(a) with Case No. C20211049 (the lawsuit against the Arizona Board of Regents and the State of Arizona) and Case No. C20220957 (the lawsuit against Dr. David Bull) into Case No. C20211049 for all further proceedings. (*See* Order Re: Motion to Consolidate, **Exhibit W**.)

20. However, consolidation of separate actions pursuant to Arizona Rule 42(a) does not destroy complete diversity for assessing the removability of each separate case where it existed before consolidation. *See Monroe v. Gagan*, 2008 WL 4418155, *3 (D. Ariz. Sept. 29, 2008) (holding the lawsuits that were consolidated at the state level "retain[ed] their separate identities" for purposes of assessing subject matter jurisdiction upon removal. … This is equally true for cases where diversity is the jurisdictional basis."); *accord Fressadi v. Glover*, No. CV-16-03260-PHX-DJH, 2019 WL 2549609, at *7 (D. Ariz. June 20, 2019), vacated in part, No. CV-16-03260-PHX-DJH, 2020 WL 805237 (D. Ariz. Feb. 18, 2020) (reaching the same conclusion in the context of federal question).

21. As discussed above, complete diversity exists between the real party interests in this particular case (No. C20220934). This fact does not change merely because Plaintiff decided to consolidate three cases he chose to file separately. *See Johnson v. Manhattan Ry. Co.,* 289 U.S. 479 (1933) ("Consolidation is permitted as a matter of convenience and

7

economy in administration, but **does not merge the suits into a single cause, or change the rights of the parties**, or make those who are parties to one suit parties in another.") (emphasize added); *In re iBasis, Inc. Derivative Litig.*, 551 F. Supp. 2d 122, 125 (D. Mass. 2008) ("Courts have recognized that analysis of diversity jurisdiction remains separate for cases even after they have been consolidated.").[2]

22. Accordingly, in assessing the removability of this case, the Court should only consider the diversity of the Plaintiff and Medtronic Defendants in this particular case.

### III. The Amount in controversy is satisfied.

23. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

24. Although the Complaint does not set forth the amount in controversy, the allegations therein support that the amount in controversy exceeds $75,000. Where a plaintiff alleges serious significant and permanent injuries, federal courts have readily found that the amount in controversy requirement is satisfied. *See, e.g.*, *Hernandez v. USA Hosts, Inc.*, 418 Fed. Appx. 293, 294-95 (5th Cir. 2011) ("Given the extensive injuries alleged in [plaintiff's] complaint and the various damages claimed, it is facially apparent that the amount in controversy exceed $75,000."); *In re Rezulin*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2010) (finding allegations of permanent injuries, physical, mental, and

---

[2] *See also Cella v. Togum Constructeur Ensemleier en Industrie Alimentaire*, 173 F.3d 909, 913 (3d Cir. 1999) ("[T]he consolidation order did not result in the joinder of the defendants in the second action to the first action; rather each action retained its own separate identity.... Thus, the District Court should have analyzed the jurisdictional basis of each action independently."); *In re Joint Eastern and Southern Districts Asbestos Litig.*, 124 F.R.D. 538, 541 (E. & S.D.N.Y. 1989), *aff'd*, 899 F.2d 1281 (2d Cir. 1990) (finding that "the consolidation ruling is simply irrelevant" for purposes of determining jurisdiction for removal purposes); *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1094 (D.N.M. 2005), *aff'd*, 245 Fed. Appx. 784 (10th Cir. 2007).

8

emotional pain and suffering, loss of income and earning capacity, and punitive damages based on injuries from prescription medication met the jurisdictional threshold); *Allmon v. Walgreens Co.*, No. 4:09-CV-1151 DDN, 2010 WL 1292172, at *1 (E.D. Mo. Apr. 5, 2010) (amount-in-controversy requirement was satisfied where plaintiff alleged "extreme weight loss, stunted growth, menstrual problems, ovarian cysts, and diabetes").

25. As a preliminary matter, Plaintiff certifies the damages he seeks exceed $50,000. Plaintiff also alleges that Plaintiff and other statutory beneficiaries sustained "significant, permanent injuries and wrongful death damages." (Compl. ¶ 25.) Furthermore, Plaintiff asserts broad categories of damages, including damages for loss of consortium; past and future pain, suffering, and mental anguish; past and future lost income and services; and funeral and burial expenses. (*Id.* ¶ 26.) Based on these allegations, the amount in controversy is in excess of $75,000, excluding interest and costs. *See Owens*, 574 U.S. at 89 ("in case of a dispute, defendant is only required to show the amount in controversy to with a preponderance of the evidence).

26. Accordingly, the amount in controversy requirement is met.

**IV.   Removal is timely**

27. Plaintiff served the Medtronic Defendants on May 11, 2022.

28. This Notice of Removal is timely as it is filed within thirty days after the Medtronic Defendants were served. *See* 28 U.S.C. § 1446(b)(1) and (c).

**V.   The forum-defendant rule is inapplicable.**

29. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This is commonly referred to as the forum-defendant rule.

30. As discussed above, the Medtronic Defendants are only removing this case (Case No. 20220934). Because no Defendant in Case No. 20220934 is a citizen of Arizona, the forum-defendant rule does not apply. *Monroe*, 2008 WL 4418155, at *10 (holding that where two cases are consolidated, the citizenship of a party in one of the cases has no

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

65405543

bearing on the issue of existence of diversity jurisdiction in a case in which he is not a party).

### ALL OTHER PROCEDURAL AND VENUE REQUIREMENTS ARE MET

31. This Court is the proper venue to file this Notice of Removal under 28 U.S.C. § 1441(a) because this action was originally brought in the Pima County Superior Court, which is located within the jurisdiction of the United States District Court for the District of Arizona, Tucson Division.

32. No party has previously filed a Notice of Removal with this Court in this case.

33. Pursuant to 28 U.S.C. § 1446(d), the Medtronic Defendants will serve or cause to be served a written notice of the removal of this case on counsel for Plaintiff. Furthermore, the Medtronic Defendants will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Court for the State Court Action.

34. If any question arises as to the propriety of the removal of this action, the Medtronic Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this lawsuit is removable.

35. The Medtronic Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under the Federal Rules of Civil Procedure.

WHEREFORE, the Medtronic Defendants remove this action from the Pima County Superior Court to this Court and requests that further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this 9th day of June, 2022.

GREENBERG TRAURIG, LLP

By: */s/ Aaron J. Lockwood*
Aaron J. Lockwood
*Attorneys for Defendants Medtronic, Inc., Medtronic USA Inc., Covidien Holding, Inc. and Covidien Sales, LLC*

65405543

### CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2022, I electronically filed this document with the Clerk of Court using the Court's CM/ECF system for filing. Notification of such filing was also sent to the following counsel via email to:

John P. Leader, Esq.
Leader Law Firm
405 W. Cool Drive, Suite 107
Tucson, AZ 85704
john@leaderlawaz.com

                By: */s/ Diane Linn*
                    Employee of Greenberg Traurig, LLP

65405543