**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Sallee, | No. CV-22-00270-TUC-JCH (DTF) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Medtronic Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to remand. (Doc. 13) Defendants have also filed a motion to dismiss (Doc. 14) and a motion for summary disposition of the motion to dismiss (Doc. 19). Based on the outcome of the motion to remand, the Court will not examine Defendants' motions on the merits. The motion to remand is fully briefed. (Docs. 15, 21.) Neither party has requested oral argument, and the Court finds this matter is appropriate for consideration without oral argument. (Docs. 13, 15, 21.) This matter was referred to the undersigned United States Magistrate Judge for report and recommendation. (Doc. 18.) For the reasons set forth below, it is recommended that the District Court, after its independent review, grant Plaintiff's Motion to Remand (Doc. 13), remand this matter back to the state court and deny the remaining motions as moot.[1]

## FACTUAL BACKGROUND

The factual allegations come from the Complaint. The Court will accept them for the limited purpose of this motion. On March 12, 2020, Plaintiff's wife, Judy, underwent

---
[1] If the District Judge disagrees, the undersigned will considerate of the pending motions.

surgery at Banner University Medical Center. (Doc. 1-3 at 6.) Dr. David Bull, the surgeon, used a ReliaCatch retrieval bag made by Defendants. *Id.* The bag caused a tear in Judy's left pulmonary artery. *Id.* at 6-7. Judy died as a result. *Id.* at 7. Plaintiff is a citizen of Arizona. *Id.* at 5.

In 2021, Plaintiff sued the Arizona Board of Regents and the State of Arizona in the Superior Court of the State of Arizona Pima County under the case number C20211049. *Id.* at 35. On March 10, 2022, Plaintiff initiated suit against Defendants in this action, again in state court. *Id.* at 3. The case number was C20220934. *Id.* at 2. The next day, Plaintiff sued Dr Bull and Geena Wu, M.D., and their spouses. *Id.* at 36. This case was assigned the case number C20220957. *Id.* Dr. Bull is also a citizen of Arizona. (Doc. 13 at 6.)

On April 13, 2022, Plaintiff moved for the state court to consolidate the three cases. (Doc. 1-3 at 35.) On May 2, 2022, the Honorable Kyle Bryson ordered the three actions "consolidated into case number C20211049 for all further proceedings." *Id.* at 58-59.[2] The state court further ordered that "all pleadings from C20220934 and C20220957 be transferred to C20211049." *Id.* at 59. On May 11, 2022, Plaintiff served Defendants in this matter. *Id.* at 39, 41, 43, 45, 47, 53. On June 9, 2022, Defendants filed a notice of removal for C20220934. (Doc. 1.)

On June 28, 2022, Plaintiff filed a timely motion to remand this matter back to the state court. (Doc. 13.) Plaintiff argues the removal of C20220934 was inappropriate because the matter had been merged with C20211049 for "all further proceedings." *Id.* at 6. Additionally, Defendants would be unable to remove C20211049 because the matter would lack complete diversity, and the Eleventh Amendment of the United States Constitution prevent removal. *Id.*

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*,

---

[2] Plaintiff argued Defendants failed to provide the consolidation order to the Court. (Doc. 13 at 7.) Further, Plaintiff stated he would attach the order to his motion. *Id.* First, Defendants did provide the consolidation order. (Doc. 1-3 at 58-59.) Second, Plaintiff failed to attach any such exhibit to the motion. This error was not corrected. (*See* Doc. 21.)

- 2 -

511 U.S. 375, 377 (1994) (citations omitted). The party asserting jurisdiction in a United States District Court has the burden of demonstrating jurisdiction. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). Courts "strictly construe the removal statute against removal jurisdiction." *City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1106 (9th Cir. 2022) (quoting *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056-57 (9th Cir. 2018)). Should the party asserting jurisdiction fail to carry their burden, courts will presume it lacks jurisdiction over the matter. *Kokkonen*, 511 U.S. at 377.

"The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action' over which a federal court would have original jurisdiction may be removed to federal court by 'the defendant or the defendants.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019). For example, district courts have original jurisdiction under diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires an amount in controversy exceeding $75,000 and diverse citizenship between parties. *Id.* Diverse citizenship means complete diversity between all named plaintiffs and all named defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Removal of a case based on diversity jurisdiction has some additional caveats that are not relevant here. *See Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746-47 (describing year limitation and if any defendant is a citizen of the state). When considering removal jurisdiction following a state consolidation, federal courts must examine how the consolidation would be viewed under state law and whether the state court would treat the consolidate matter "as if only one complaint had originally been filed." *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 925 (9th Cir. 2015).

## DISCUSSION

Plaintiff argues Judge Bryson merged the three cases into one case, such that Defendants could only remove the entire consolidated matter or nothing. (Doc. 13 at 6.) Moreover, the consolidated matter could not be removed because the matter would lack complete diversity and further the Eleventh Amendment would prevent removal. *Id.* The Court agrees that the entire consolidated matter would not be removable. Dr. Bull and Plaintiff are citizen of Arizona, such this matter would lack complete diversity. *See Lincoln*

*Prop. Co.*, 546 U.S. at 84. Thus, the Court need not consider whether the State of Arizona had waived sovereign immunity.

Defendants assert that C20220934 maintained its separate identity after consolidation and thus was individually removable. (Doc. 15 at 4-6.) This Court is guided by how Arizona would consider the consolidated matter and disagrees with Defendants.

Under the Federal Rules of Civil Procedure, it is well established that consolidation does not merge two separate matters into one. *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (when one of several consolidated cases is decided, it is immediately appealable). However, the Court of Appeals of Arizona recently considered consolidated actions as "a single judicial unit for purposes of Rule 54(b) when the consolidation is clearly unlimited and the actions could originally have been brought as a single suit." *Powers Reinforcing Fabricators, L.L.C. v. Contes in & for Cnty. of Maricopa*, 473 P.3d 714, 719 (Ariz. Ct. App. 2020) (quoting *Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982)). Thus, when one of several consolidated matters is resolved, it is not necessarily immediately appealable. *Id.* Therefore, in Arizona, cases can be consolidated such that they lose their individual identity.

In California, when actions are consolidated "for all purposes," merged into one case number, result in one verdict or judgment, then courts treat them as if they were filed together originally. *Bridewell-Sledge*, 798 F.3d at 930. These are suitable considerations for when a consolidated matter is treated as one judicial unit.

Here, Judge Bryson ordered the matters consolidated "for all further proceedings." (Doc. 1-3 at 58.) He also ordered the pleadings from the 2022 cases transferred into the 2021 case. *Id.* at 59.

Thus, the state court the consolidated cases such that it would view them as if they had been filed together. *See Bridewell-Sledge*, 798 F.3d at 930; *Powers Reinforcing Fabricators, L.L.C.*, 473 P.3d at 719. Because the entire consolidate case cannot be removed, this matter must be remanded back to the state court.

# RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the District Court, after its independent review, grant Plaintiff's Motion to Remand (Doc. 13), remand this matter to the Superior Court of the State of Arizona Pima County, and deny the remaining motions as moot.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 14th day of September, 2022.

Honorable D. Thomas Ferraro
United States Magistrate Judge