**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Sallee,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Medtronic Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-22-00270-TUC-JCH (DTF)<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Remand to State Court ("Motion I") (Doc. 13), and Defendants' Motion to Dismiss for Failure to State a Claim ("Motion II") (Doc. 14) and Motion for Summary Disposition of Motion II ("Motion III") (Doc. 19). For the reasons below, the Court grants Motion I. The Court therefore cannot, and does not, reach Motions II and III.

**I.　Background**

The issue here involves the action's procedural history.[1] In 2021, Plaintiff filed case number C20211049 ("Case 1") in Arizona state court against the Arizona Board of Regents and the State of Arizona. On March 10, 2022, Plaintiff filed case number C20220934 ("Case 2") in state court against Defendants. The next day, Plaintiff filed case number C20220957 ("Case 3") in state court against Dr. Bull and Geena Wu, M.D. Cases 1 and 3 are between Arizona citizens. Case 2 is between an Arizona citizen and citizens of other

---

[1] The Court draws this history from the Magistrate's Report and Recommendation ("R&R") unless otherwise noted because Defendants did not object to the R&R's statement of facts. (*See* Doc. 24; Doc. 23 at 1:25–2:23.)

states.[2] In April, Plaintiff moved for the state court to consolidate the three cases. In May, the state court ordered the three actions "consolidated into case number C20211049 [Case 1] for all further proceedings." The state court further ordered "all pleadings from [Case 2] and [Case 3] be transferred to [Case 1]."

On June 9, Defendants filed a Notice of Removal from state court under case number C20220934 (Case 2). (Doc. 1 (the "Notice").) The Notice asserts Case 2 remains distinct for removal purposes despite the state court's consolidation of Cases 1–3. (*Id.* at 7–8.) On June 23, the case was referred to Magistrate Judge Leslie A. Bowman for all pretrial proceedings and a report and recommendation ("R&R"). (Doc. 12.) On June 28, Plaintiff timely sought remand to state court through Motion I. (Doc. 13.) Motion I asserts Case 2 cannot be removed separately from Cases 1 and 3 because the state court consolidated all three. (*Id.* at 5–6.) In July, the case was reassigned to Magistrate Judge D. Thomas Ferraro. (Doc. 18.) In September, Judge Ferraro issued his R&R recommending that the Court should grant Motion I. (Doc. 23.) The R&R reasoned that remand is required under Arizona law. (*Id.* at 4.) Defendants filed an Objection to the R&R analysis and conclusion, (Doc. 24), and Plaintiff filed a Reply. (Doc. 25.)

## II.  Standard of Review

The Court reviews de novo any portion of a Magistrate Judge's R&R to which objection is made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III.  Analysis

Defendants object to the R&R's conclusion and analysis of Motion I. (*See* Doc. 24 at 2.) The Court must therefore, in essence, review Motion I de novo. The Court concludes that remand is required because Defendants cannot carry their burden of establishing federal jurisdiction. Arizona law does not settle the issue, and the Court declines to predict

---

[2] Plaintiff is a citizen of Arizona. (Doc. 1 at 5.) Defendant Medtronic, Inc. is a citizen of Minnesota. (*Id.* at 3.) Defendant Covidien Holding, Inc. is a citizen of Delaware and Massachusetts. (*Id.*) Defendant Covidien Sales, LLC, is a citizen of Massachusetts, Colorado, and Minnesota. (*Id.* at 3–4.)

Arizona's approach because removal statutes are construed strictly against removal.

### A. Remand is required given "any doubt" of federal jurisdiction.

A state-court defendant may remove the action to federal court if the federal court has "original jurisdiction" over the action. 28 U.S.C. § 1441(a) (2003). Federal courts have original jurisdiction over certain disputes between citizens of different states. 28 U.S.C. § 1332. Specifically, federal "diversity jurisdiction" requires (1) an amount in controversy over $75,000, and (2) "complete diversity"—each plaintiff must be a citizen of a different state from each defendant. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

The removing defendant has the burden to demonstrate federal jurisdiction. *Abrego Abrego v. Dow Chemical Co.*, 443 F3d 676, 685 (9th Cir. 2006). Put differently, the Court presumes it lacks jurisdiction unless the removing defendant shows otherwise. *See id.* This requirement is easily justified. A federal proceeding is void if it lacks jurisdiction. *See U.S. v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999); Fed. R. Civ. P. 12(h)(3), 60(b). Presuming jurisdiction, then, would risk tremendous waste of resources. If jurisdiction later turned out to be lacking, the parties and the Court would have wasted their time seeking a resolution properly left to the state. That is why removal statutes are "strictly construed against removal." *Luther v. Country Home Loans Servicing* LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted). Critically, "any doubt" is resolved against removability. *Id.*; *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

Here, the Court has diversity jurisdiction over Case 2 only if it is distinct from Cases 1 and 3. All three cases involve an amount in controversy over $75,000. (*See* Doc. 1 at 9; Doc 15 at 5 n. 6.) If Case 2 is distinct, the Court has diversity jurisdiction because Plaintiff is from Arizona and Defendants Medtronic, Covidien Holding, and Covidien Sales are not. (*See* Doc. 1 at 3–5.) But if Cases 1–3 are no longer distinct, the Court does not have diversity jurisdiction because Plaintiff and Defendants Dr. Bull, Geena Wu, M.D., the Arizona Board of Regents, and the State of Arizona are all from Arizona. (Doc. 23 at 2.) The issue is whether Cases 1–3 remained distinct for removal purposes after the state court

consolidated them. Because federal courts examine state law to determine the effect of a state-court consolidation order for removal, *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 925 (9th Cir. 2015), the Court turns to Arizona's case-consolidation law.

**B. Arizona has not decided the effect of a general consolidation of cases.**

In actions involving a common question of law or fact, an Arizona court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Ariz. R. Civ. P. 42(a). Few Arizona cases interpret Rule 42(a), and the two most relevant cases do not apply under the facts of this case. In *Yavapai County v. Superior Court*, the court held that Rule 42(a) "consolidation of cases 'for trial' . . . does not merge the suits into a single cause, or change the rights of the parties." 13 Ariz. App. 368, 370 (1970). *Yavapai* in turn cited *Torosian v. Paulos*, which held that Rule 42(a) "consolidation of actions for limited purposes or for the trial of certain issues only . . . does not thereby effect a merger of the cases consolidated." 82 Ariz. 304, 315 (1957).

But these cases concern only a limited-purpose consolidation of cases "for trial." That is different from the current case, where the consolidation order contained no limiting language. The state court consolidated Cases 2 and 3 "into [Case 1] . . . for all further proceedings," not merely for trial, and further ordered "all pleadings from [Case 2] and [Case 3] be transferred to [Case 1]." (Doc. 1-3 at 58–59.) The distinction between a limited consolidation and a more general consolidation is significant. Although *Yavapai* and *Torosian* did not refer to Rule 42(a)'s sub-sections, a limited consolidation presumably takes place under Rule 42(a)(1), which permits an Arizona court to join cases "for hearing or trial." A more general consolidation presumably takes place under Rule 42(a)(2), which permits an Arizona court to "consolidate the actions" differently from Rule 42(a)(1). Defendants identify—and the Court can find—no Arizona cases for the proposition that a general consolidation under Rule 42(a)(2) has the same effect as a limited consolidation

for trial under 42(a)(1).[3]

In fact, Defendants cite no Arizona cases at all in support of their Notice or their Response to Motion I—only federal cases. (*See* Doc. 1; Doc 15.) Most of Defendants' cases interpret Federal Rule 42(a). (*See* Doc. 1 at 7–8 (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933) (interpreting the processor to Rule 42(a)); *In re iBasis, Inc. Derivative Litig.*, 551 F. Supp. 2d 122, 125 (D. Mass 2008)); Doc. 15 at 4 n. 4 (citing *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999); *In re Joint E. & S. Districts Asbestos Litig.*, 124 F.R.D. 538, 541 (E.D.N.Y. 1989).) These cases do not support Defendants' position because this case does not involve consolidation under Federal Rule 42(a). Defendants also cite two unpublished Arizona district court orders and one New Mexico district court order in a similar posture to this case. (*See* Doc. 1 at 7 (citing *Monroe v. Gagan*, 2008 WL 4418155, *3 (D. Ariz. Sept. 29, 2008); *Fressadi v. Glover*, 2019 WL 2549609, *7 (D. Ariz. June 20, 2019), *vacated in part on other grounds*, 2020 WL 805237 (D. Ariz. Feb. 18, 2020)); Doc. 15 at 3 (citing *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1094 (D.N.M. 2005), *aff'd without pub'd opinion*, 245 Fed. Appx. 784 (10th Cir. 2007)). Defendants urge the Court to consider them for their persuasive value. (*See* Doc. 15 at 4 n. 3.)

In 2005, the New Mexico district court considered the effect of consolidation under New Mexico Rules of Civil Procedure. *Chaara*, 410 F. Supp. 2d at 1090. The district court noted that the New Mexico rule was identical to Federal Rule 42(a), and that "New Mexico courts have recognized that, when a New Mexico Rule of Civil Procedure is substantially

---

[3] Tangentially related cases point in different directions. In one, an Arizona court considering Arizona Civ. P. Rule 54 expressed its "alignment" with a Fifth Circuit view that "we see no reason why a proper consolidation may not cause otherwise separate actions to thenceforth be treated as a single judicial unit . . . when the consolidation is clearly unlimited[.]" *Powers Reinforcing Fabricators, L.L.C. v. Contes*, 249 Ariz. 585 ¶ 18 (2020) (quoting *Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982)). In another case, an Arizona court considering a family law rule "based on [Arizona] Rule 42(a)" ignored the distinction between general and limited consolidation, and referred to federal language about limited consolidation as though it applied in all cases. *See Brummond v. Lucio*, 243 Ariz. 360 ¶ 20 (App. 2017).

- 5 -

similar to a Federal Rule of Civil Procedure, federal cases interpreting the Federal rules are persuasive in interpreting the New Mexico Rule at issue." *Id.* at 1090–91. The district court concluded that because "a majority of the Circuits" agree that consolidation does not destroy the separate character of the underlying cases under the federal rule, New Mexico courts likely would take the same approach under the similar New Mexico rule. *Id.* at 1094.

In 2008, the Arizona district court cited *Chaara* and proceeded similarly when considering the effect of consolidation under Arizona Rule 42(a). *Monroe*, 2008 WL 4418155, at *2. But unlike in *Chaara*, in *Monroe* the court did not explain its citation to federal law. *See id.* Instead, the *Monroe* court implied without explanation that the federal interpretation was persuasive and provided a good basis for predicting Arizona's own interpretation of its rules. *See id.* The court quoted *Chaara* for the colorful proposition that "[c]onsolidation is not like a marriage, producing one indissoluble union from two distinct cases." *Id.* Rather, "consolidation is an artificial link formed by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's façade, lie two individual cases." *Id.*

In 2019, the Arizona district court again considered the effect of consolidation under Arizona Rule 42(a). *Fressadi*, 2019 WL 2549609 at *6. The *Fressadi* court conducted a thorough, step-by-step analysis. *Id.* First, the court observed that Arizona law has not established the effect of a general consolidation under Rule 42(a). *Id.* at *7 (citing *Torisian* and *Yavapai*). Second, the court determined that "in the absence of a 'clear state court exposition of a controlling principle, district courts must use their 'best judgment' in predicting how a state's highest court would decide the issue." *Id.* (citing *Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980)). Third, the court considered that Arizona courts "give great weight to the federal interpretations of the [Federal Rules of Civil Procedure]" because Arizona's rules of civil procedure are "substantially adopted" from them. *Id.* (citing *Edwards v. Young*, 486 P.2d 181, 182 (Ariz. 1971)). Fourth, the court observed that federal law is "fairly uniform in holding that orders consolidating actions under Federal Rule 42(a), whether limited or general, do not merge two actions into one."

- 6 -

*Id.* (citing, among others, *Chaara* and *Monroe*). Finally, the court concluded that "Arizona would likely follow federal law as to the effect of a general consolidation order like the one here at issue." *Id.* at 9. The court also found that the factual history of the case supported the court's conclusion because the first case was litigated for a year before the second was filed, and the cases sought different claims against different entities and individuals. *Id.* Defendants ask the Court to follow *Fressadi* and *Monroe* to conclude that Case 2 is removable separate from Cases 1 and 3.

### C. Absent settled Arizona law, Defendants cannot carry their burden.

Defendants do not carry their burden to demonstrate federal jurisdiction because only settled Arizona law could assist them. Defendants' argument for jurisdiction does not demonstrate—it speculates. But speculation about jurisdiction, by definition, cannot remove "any doubt." The Court therefore must remand. In reaching this result, the Court departs from *Fressadi* in two ways. First, the Court understands its mandate to use its "best judgment" in the absence of controlling state law differently in the removal context. In *Takahashi*, for example, the Ninth Circuit instructed that a district court "*sitting in diversity* must use its own best judgment in predicting how the state's highest court would decide the case." 625 F.2d at 316 (emphasis added). A court considering a motion to remand is not yet sitting in diversity; it is considering whether it can sit in diversity. Moreover, the Ninth Circuit instruction to use "best judgment" implicitly applies only where applying state law is required to decide the case. In a removal context, the case is decided by the removing party's failure to demonstrate jurisdiction.

Second, even if the Court attempted to predict Arizona law's development, the Court is not convinced Arizona would adopt the federal approach. Arizona courts often look to federal interpretations of similar law when developing Arizona's law. *See Edwards*, 486 P.2d at 182. The federal approach is also a reasonable one, as illuminated by a recent Supreme Court decision on the topic. *See Hall v. Hall*, 138 S. Ct. 1118, 1123–1131 (2018). But Arizona courts also often look to California law when developing Arizona's law. *State v. Vallejos*, 89 Ariz. 76, 82 (1960) (following "reasonable" California interpretations of a

California statute "nearly identical" to an Arizona statute); *see also, e.g.*, *U.S. v. Hankes*, 2013 WL 1878935, *4 (D. Ariz. May 3, 2013) (same); *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 260 (5th Cir. 2014) (same, interpreting Arizona law). California's consolidation statute is nearly identical to the Arizona and the federal rule. *Compare* CA CIV PRO § 1048, *with* Ariz. R. Civ. P. 42(a). Yet California courts have consistently treated consolidated actions as "merged into a single proceeding with only one verdict or set of findings and one judgment, and the actions treated as if only one complaint had originally been filed." *Bridgewell-Sledge*, 798 F.3d at 929 (citing *Hamilton v. Asbestos Corp.*, 998 P.2d 402, 415 (Cal. 2000)). Reviewing this alternative to the federal approach to consolidation, the Court cannot conclude that Arizona would not follow it. More importantly, the diversity of reasonable approaches available to Arizona only reinforces the Court's doubt of its jurisdiction over the present case. Defendants have not removed that doubt because they cannot without settled Arizona law.

For these reasons, the Court resolves its doubt by strictly construing the removal statutes against removability.

## IV.  Order

Accordingly,

**IT IS ORDERED GRANTING** Plaintiff's Motion to Remand to State Court (Doc. 13). This case is remanded to Arizona Superior Court, Pima County, Case Number C20211049. The Clerk of the Court is directed to close this case;

**IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** the Report and Recommendation (Doc. 23) for the reasons stated above;

///
///
///
///
///
///

**IT IS FURTHER ORDERED DENYING AS MOOT** Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 14) and Motion for Summary Disposition of Motion to Dismiss for Failure to State a Claim (Doc. 19).

Dated this 23rd day of November, 2022.

_____
Honorable John C. Hinderaker
United States District Judge